IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LOPEZ, <br> On behalf of Plaintiff and the class <br> Described herein, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF ORRICK <br> And KENDALL BANK, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Defendants Bank of Orrick and Kendall Bank (collectively, "Defendants"), through undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453. In support of this Notice of Removal, Defendants state as follows:

1. On or around February 28, 2023, Plaintiff filed his Complaint – Class Action ("Complaint") in the Circuit Court of Cook County, Illinois against Defendants.

2. Plaintiff asserts claims against Defendants for a violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (Count I) and violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2 (Count II).

3. As set forth below, Defendants have satisfied all jurisdictional and procedural requirements for removal of this action. Federal question jurisdiction exists as Plaintiff seeks to recover for an alleged violation of the federal Truth in Lending Act. Additionally, CAFA

jurisdiction exists because the proposed plaintiff class (i) has at least 100 putative class members, (ii) asserts an aggregate amount in controversy in excess of $5,000,000, and (iii) includes class members whose citizenship is diverse from that of Defendants. 28 U.S.C. §§ 1332(d)(2), (d)(5). In addition, Defendants have removed this case within thirty days of service of the Complaint.

**I.  DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4. The Complaint was served on Defendant Kendall Bank on March 3, 2023.

5. The Complaint has yet to be served on Defendant Bank of Orrick.

6. Accordingly, this Notice of Removal has been filed within thirty (30) days of service of the Summons and Complaint and is timely filed pursuant to 28 U.S.C. § 1446(b).

7. Although consent of all defendants is not required under CAFA, *see* 28 U.S.C. § 1453(b), Defendant Bank of Orrick joins in and consents to this Notice of Removal and the removal it accomplishes. *See* Declaration of Chris Bornheimer ¶ 4 (attached as Exhibit A).

8. The Circuit Court of Cook County, Illinois is located within the Northern District of Illinois, Eastern Division. Therefore, venue is proper pursuant to 28 U.S.C. § 93(a)(1) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant, which papers include the summonses and petitions, is attached as Exhibit B.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the clerk of the Circuit Court of Cook County, Illinois.

11. As set forth below, Defendants are not citizens of Illinois. As a result, 28 U.S.C. § 1441(b) does not preclude removal.

## II. THIS COURT HAS FEDERAL QUESTION JURISDICTION

12. Federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

13. Plaintiff asserts a claim for violation of the federal Truth in Lending Act, 15 U.S.C. § 1637. This claim provides a basis for federal question jurisdiction. *See, e.g., Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (finding the assertion of a TILA claim invoked the federal-question jurisdiction of the court and supported removal).

14. In addition, this Court has jurisdiction over Count II of the Complaint. 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

15. Here, the federal claim and the state claim are so interrelated to constitute the same case or controversy. Both the federal TILA claim and the Illinois Consumer Fraud Act claim arise from Defendants' alleged disclosures requirements on its period statements for its open-end credit customers. In fact, Plaintiff's Illinois Consumer Fraud Act claim is based on his allegation that "Defendants intentionally omitted required disclosures [under TILA] for the purpose and with the effect of inducing consumers to use unconscionably priced credit." (Complaint ¶ 31). Thus, the facts that form the basis of the TILA claim are the same facts that form the basis of the Illinois state claim. As such, they are sufficient to constitute the same case or controversy under Article III.

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION UNDER CAFA.

16. Congress wanted CAFA to grant "broad federal jurisdiction with only narrow exceptions." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618 (7th Cir. 2012) (citing *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010)); *see also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006) (stating that CAFA is "intended to expand substantially federal court jurisdiction over class actions"); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 342 (4th Cir. 2008) ("CAFA unquestionably expanded federal jurisdiction and liberalized removal authority.")

17. Under CAFA, this Court has diversity jurisdiction over any asserted class action so long as (1) at least one class member "is a citizen of a State different from any defendant"; (2) the asserted class has at least 100 putative members; and (3) the aggregate amount in controversy "exceeds the sum or value of $5,000,000." *See* 28 U.S.C. §§ 1332 (d)(2), (d)(5)-(6). A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure," 28 U.S.C. § 1332(d)(1)(B). *See* Complaint ¶ 19.

18. The defendant's burden on removal is to show the prerequisites for federal jurisdiction by a preponderance of the evidence. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013). In support of removal, a defendant may rely on the plaintiff's allegations, which are assumed to be true, as well as on affirmative evidence outside the pleadings. As explained by the Seventh Circuit, "a removing defendant may rely on the complaint's allegations, the plaintiff's informal estimates, affidavits from employees or experts, or other sources." *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022).

19. In removing this action, Defendants have properly relied on the affirmative allegations of Plaintiff, as well as the evidence submitted in support of this notice, to demonstrate this Court's jurisdiction.

**A. The Minimal Diversity Requirement is Satisfied.**

20. Pursuant to 28 U.S.C. § 1332(d)(2)(A), diversity exists under CAFA if any putative class member and any defendant are citizens of different states.

21. Plaintiff alleges that he is a resident of Chicago. (Complaint ¶ 2). Further, Plaintiff seeks to represent a class consisting of "individuals with Illinois addresses." (Complaint ¶ 20). Accordingly, Plaintiff is a citizen of Illinois.

22. Defendant Bank of Orrick is not a citizen of Illinois. Instead, Plaintiff correctly alleges that Defendant Bank of Orrick is a Missouri chartered bank, although Plaintiff incorrectly alleges that Bank of Orrick has its principle place of business in Overland Park, Kansas. (Complaint ¶ 3). Bank of Orrick has its principle place of business in Orrick, Missouri. *See* Exhibit A at ¶ 8. Defendant Bank of Orrick therefore is a citizen of Missouri for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1)

23. Defendant Kendall Bank is not a citizen of Illinois. Instead, Plaintiff correctly alleges that Defendant Kendall Bank is a Kansas chartered bank with its place of business in Overland Park, Kansas. (Complaint ¶ 4). Defendant Kendall Bank therefore is a citizen of Kansas for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

24. Because Defendants' citizenship differs from that of at least one member of the putative class, Defendants have carried their burden to demonstrate CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).

**B. The Asserted Class Size Requirement is Satisfied.**

25. Plaintiff affirmatively asserts that the putative class he seeks to represent "is so numerous that joinder of all members is not practicable." (Complaint ¶ 22).

26. Defendants admit that they have more than 100 customers that could meet the class definition set forth in paragraph 20 of the Complaint.

    **C.    This Action Places More Than $5,000,000 in Controversy.**

27. While Defendants dispute that Plaintiff has stated any viable claims or that any damages whatsoever are owed to Plaintiff or the asserted class, it is demonstrably evident that Plaintiff's proposed class claims in this action place more than $5,000,000 in controversy.

28. "To satisfy CAFA's requirements, [the removing party] did not need to 'establish' the class's losses; it needed to provide only a 'good faith estimate' that the potential recovery exceeds $5 million." *Schutte*, 28 F.4th at 856. Put another way, the "party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Blomberg v. Service Corp. International*, 639 F.3d 761, 763 (7th Cir. 201); *Daley v. Jones Motor Co.*, 743 Fed. Appx. 35, 37 (7th Cir. 2018). "The removing party's burden of describing how the controversy exceeds $5 million constitutes a pleading requirement, not a demand for proof. Discovery and trial come later." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *see also Blomberg*, 639 F.3d at 763.

29. Plaintiff's Complaint does not plead the aggregate damages sought by the proposed class. Nevertheless, it is clear that the amount in controversy exceeds $5 million from an examination of Plaintiff's asserted claims and Defendants' records.

30. Plaintiffs assert claims for violation of TILA (Count I) and violations of the Illinois Consumer Fraud Act (Count II). For relief, Plaintiff seeks (1) actual damages, (2) statutory damages, (3) punitive damages, and (4) attorney's fees, litigation expenses, and costs of suit.

31. Plaintiff alleges that he paid "an excessive amount of interest" due to Defendants' alleged TILA violations. (Complaint ¶ 29). Plaintiff paid $3,416.15 in interest on his open-end credit agreement with Defendants. (Exhibit A at ¶ 5).

32. Using Plaintiff's alleged individual damages, it is clear that the amount in controversy is met on the face of the Complaint. In *Schutte*, plaintiff alleged that there were several thousand class members, each of which could potentially recover up to $25,000 in exemplary damages. 28 F.4th at 855. Thus, if there were 2,000 class members, a recovery on average of $2,501 in exemplary damages would surpass $5 million. *Id.* Noting that "[m]any other permutations would push the class over the line, but the point is the same: the complaint's allegations suffice to show that 'a fact-finder *might* conceivably lawfully award' in excess of $5 million dollars." *Id.* (quotation omitted) (emphasis in original). *See also Hartis v. Chicago Title Ins. Co., Inc.* 694 F.3d 935, 944-46 (8th Cir. 2012) (determining amount in controversy met "on the face of the complaint alone" because plaintiffs claimed a typical overcharge of $12, alleged that a "large" number of over 1.2 million transactions involved overcharges, and "[e]ven if we assume that a 'large' number of these transactions only equates to one-half—or 603,500 transactions—the jurisdictional amount is still easily satisfied. Multiplying 603,500 transactions by $12 yields $7,242,000."); *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 960 (8th Cir. 2014) (finding amount in controversy satisfied where plaintiff alleged a class of at least 50,000 members and sought to recover up to $50,000 in damages per class member); *Martin v. State Farm Mutual Automobile Ins. Co.*¸ No. 3:10-0144, 2010 WL 3259418, *5 (S.D. W. Va. August 18, 2010) ("Multiplying the individual damage amounts pled in the complaint by the number of persons in an alleged class is a reasonable method for determining the" amount in controversy).

33. Defendants have performed a preliminary analysis of its databases of open-end credit agreement customers and determined that they currently have over 2,000 open-end credit agreements with individuals with Illinois addresses. (Exhibit A at ¶ 6). Using Plaintiff's alleged damages and a projected class with at least 2,000 members, the $5,000,000 amount in controversy requirement is satisfied due to the alleged actual damages, Plaintiff's claim for statutory damages, and Plaintiff's claim for punitive damages and attorneys' fees.

34. A class of 2,000 would need $2,500 each in actual damages to satisfy the $5,000,000 amount in controversy threshold. Given Plaintiff's alleged individual damages, Plaintiff and the putative class have clearly put in excess of $5,000,000 at issue.

35. Under 15 U.S.C. § 1640(a)(2)(B), in a class action, the court may award the lesser of $1,000,000 or 1 per centum of the net worth of Defendants. Here, the lesser would be $1,000,000.

36. In addition, Plaintiff seeks an award of punitive damages. It is well-established that punitive damages several magnitudes higher than the asserted compensatory damages may be included in determining the amount in controversy if they are recoverable under applicable law. *See Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 582 (7th Cir. 2017) (finding amount in controversy met where a single class member could recover $1,000,000 in compensatory damages under an insured's minimum umbrella coverage and as much as $5,000,000 in punitive damages); *Schutte*, 28 F.4th at 855 ("it is well settled that punitive damages … 'factor into the amount in controversy calculation'") (quotation omitted); *Back Doctors Ltd. V. Metropolitan Property & Casualty Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (relying on potential punitive damages to calculate amount in controversy even where plaintiff "did not expressly ask for a punitive award.").

37. Finally, Plaintiff seeks an award of attorney's fees. A potential award of attorney's fees may be included in determining the amount in controversy if they are recoverable under applicable law. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006).

38. Plaintiff's request for actual damages, statutory damages, punitive damages, and attorney's fees for him and a putative class easily meet the $5,000,000 amount in controversy requirement.

39. Moreover, CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *See*, *e.g.*, S. REP. 109-14, at 43 (2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

40. Accordingly, the aggregate amount in controversy in this case easily exceeds the $5 million threshold required by CAFA, and removal of this action pursuant to 28 U.S.C. § 1441 is proper.

WHEREFORE, Defendants Bank of Orrick and Kendall Bank respectfully remove this action from the Circuit Court of Cook County, Illinois, bearing number 2023CH01940, to this Court pursuant to 28 U.S.C. § 1441.

Respectfully Submitted,

/s/ Andrew J. Scavotto
Andrew J. Scavotto, Ill. Bar #6288575
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Tel:   (314) 719-3048
Fax:   (314) 259-3959
Andrew.scavotto@stinson.com

George F. Verschelden
Michelle A. Fox
**STINSON LLP**
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
George.verschelden@stinson.com
Michelle.fox@stinson.com

ATTORNEYS FOR DEFENDANTS BANK OF ORRICK AND KENDALL BANK

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the above and foregoing was served via United States mail, postage prepaid, this 31st day of March, 2023 to:

 Daniel A. Edelman
 Tara L. Goodwin
 Matthew J. Goldstein
 EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
 20 South Clark Street, Suite 1500
 Chicago, IL 60603

            /s/ Andrew J. Scavotto
            Attorney for Defendants