IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LOPEZ,<br>On behalf of Plaintiff and the class<br>Described herein,<br><br>             Plaintiff,<br><br>  v.<br><br>BANK OF ORRICK<br>And KENDALL BANK,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:23-cv-2063<br>)<br>)<br>)<br>)<br>)  |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT – CLASS ACTION</u>**

Plaintiff's case depends on his assertion that the Truth in Lending Act ("TILA") requires repayment disclosures in Plaintiff's open-end credit agreement monthly statements. However, in 2010, the Federal Reserve Board ("Board") issued a final rule that exempted open-end credit accounts from the requirement to provide repayment disclosures. *Truth in Lending*, 75 FR 7658-01, 7677-78, 2010 WL 593303 (Feb. 22, 2010) (hereafter, "Final Rule"). Plaintiff does not, and cannot, dispute this fact. And, while the Consumer Financial Protection Bureau ("Bureau") subsequently assumed rulemaking authority over TILA, the Bureau has not changed the Board's 2010 Final Rule. Again, Plaintiff does not, and cannot, dispute this fact. Because Defendants' open-end credit accounts are exempt from the repayment disclosure requirements, Plaintiff's claim fails as a matter of law.

In response to the Motion, Plaintiff offers several fatally flawed arguments. Primarily, Plaintiff tries to create confusion around the differences between a rule and a regulation. Here,

1

any such differences are irrelevant, as TILA provides a complete defense to those who act "in conformity with any **rule, regulation**, or interpretation thereof by the Board." 15 U.S.C. § 1640(f) (emphasis added).

Defendants' open-end credit accounts were expressly exempted by the Board and thus Plaintiff's TILA claim fails as a matter of law. Plaintiff's claim under the Illinois Consumer Fraud Act ("ICFA") is entirely derivative of his TILA claim and also fails as a matter of law. Defendants respectfully request that the Court dismiss Plaintiff's Complaint – Class Action with prejudice.

## I. Statement of Facts.

Plaintiff does not dispute any of the facts set forth in the "Statement of Facts from the Complaint" in Defendants' Motion to Dismiss. ECF #7 at 1-2.

## II. Legal Argument

### A. The 2010 Final Rule Issued by the Board is binding legal authority under 15 U.S.C. § 1640(f).

Plaintiff does not dispute that in 2010, the Board exempted open-end credit accounts from the repayment disclosure requirements set forth in 15 U.S.C. § 1637(b)(11). *See Truth in Lending*, 75 FR 7658-01, 7677-78, 2010 WL 593303 (Feb. 22, 2010). Instead, Plaintiff argues that the only "rules" and "regulations" that govern TILA are Regulation Z and the Official Interpretation to Regulation Z, which are both found in the Code of Federal Regulations. ECF #16 at 3. Plaintiff is wrong as a matter of law.

Regulation Z, and the Bureau's interpretations of Regulation Z, obviously implement TILA. But, Plaintiff contends that *only* those regulations that are published in the Code of Federal Regulations are effective and binding. Plaintiff's suggestion is completely contrary to TILA, which provides there is no liability for "any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Board." 15 U.S.C. § 1640(f). Plaintiff has provided no

2

legal basis for his implicit request to limit the scope of 15 U.S.C. § 1640(f), which would eliminate Defendants' ability to act in conformity with the Board's rule. Indeed, a "rule" is defined broadly as a "statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4). Thus, both the Board and the Bureau are empowered to exempt transactions "by rule." 15 U.S.C. § 1603(5). Given that the 2010 Final rule went through a notice-and-comment process, it has the full force and effect of a law. *See Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015) (declaring that rules issued through the notice-and-comment process are referred to as "legislative rules" and have the force and effect of law.)

Further, Plaintiff appears to misunderstand the different roles played by an agency's rules and regulations. The Federal Register is the "official daily publication for Federal government rules, proposed rules, and notices, as well as executive orders and other Presidential documents."[1] Once a rule is issued in the form of a final regulation, "the regulation is then codified when it is incorporated into the Code of Federal Regulations."[2] The Federal Register is the chronological publication of proposed rules and final rules, which include the corresponding regulations that arise out of the final rule, and related materials, which are then arranged in the Code of Federal Regulations. For example, the Board's 2010 Final Rule included both the Board's explanation of its decisions and the corresponding Regulation Z sections. Both were published in the Federal Register. *See Truth in Lending*, 75 FR at 7792.

Without questions, the Board's 2010 Final Rule is a valid rule. It is available to the public in the Federal Register. There is simply no legal basis for Plaintiff's attempt to portray the 2010 Final Rule as a "statement of basis and purpose." ECF #16 at 3. Nor is there is any legal basis for

---

[1] https://www.archives.gov/about/regulations/faqs.html
[2] https://www.archives.gov/about/regulations/faqs.html

CORE/3522882.0026/182043469.1

Plaintiff's speculative and unsupported declaration that the Board did not issue a rule at all. ECF #16 at 4. And, again, Plaintiff's differentiation between a rule and regulation is irrelevant, as 15 U.S.C. § 1640(f) applies to *both* rules and regulations.

### B. The 2010 Final Rule Issued by the Board Remains Effective.

Plaintiff does not argue that the 2010 Final Rule has been overturned, amended, or otherwise altered in any relevant manner. Instead, Plaintiff asks this Court to simply ignore the 2010 Final Rule, simply because it was issued "just before [the Board] was deprived of authority to administer TILA altogether." ECF #16 at 3. The Bureau has the statutory authority to amend or rescind the 2010 Final Rule, but it has not done so. Accordingly, the 2010 Final Rule remains effective..

Further, Plaintiff acknowledges that Regulation Z "state[s] positively that issuers of credit cards must issue payment disclosures." ECF #16 at 3. Plaintiff's acknowledgment is incomplete. Regulation Z provides that "for a *credit card account* under an open-end (not home-secured) consumer credit plan, a *card issuer* must provide the following disclosures on each periodic statement…" 12 C.F.R. § 226.7(b)(12)(i) (emphasis added.). Regulation Z only imposes these disclosure requirements on credit card accounts. Plaintiff has admitted that he does not have a credit card account with Defendants.

Also, the regulation found at 12 C.F.R. § 226.7(b)(12)(i) originated in the 2010 Final Rule. *See* 75 FR 7658-01, 2010 WL 593303 (Feb. 22, 2010). Simply put, the Bureau did not change any of the Board's TILA rules and regulations. *See also Truth in Lending (Regulation Z)*, 76 FR 79768-01, 79768, 2011 WL 6399678 (Dec. 22, 2011) (noting that the Bureau's Regulation Z "substantially duplicates" the Board's Regulation Z). The 2010 Final Rule remains an effective, authoritative law; it disposes of Plaintiff's claims.

4

C.  **The Court should ignore Plaintiff's attempts to distract from the controlling legal issues.**

In his Opposition, Plaintiff calls Defendants' rate of interest "predatory." ECF #16 at 1. However, the only issue is whether Defendants were required to include certain disclosers in their periodic account statements. Defendants' rate of interest is irrelevant to both the Motion to Dismiss and Plaintiff's claims.

Also, Plaintiff suggests that, because there are other topics addressed within the 2010 Final Rule, the disclosure exemption for open-credit accounts is somehow unfounded and ineffective. ECF #16 at 3. This is irrelevant—after all, Defendants' ability to rely on the disclosure exemption is not diminished by the fact that the 2010 Final Rule also addresses numerous other TILA provisions.

D.  **Plaintiff's ICFA claim fails as a matter of law.**

Plaintiff's ICFA claim is contingent on a finding that Defendants violated TILA. Accordingly, Plaintiff's alleged ICFA claim fails for the same reason as his TILA claim – Defendants were not required to provide any repayment disclosures for its open-end credit accounts.

Moreover, TILA violation does not automatically rise to an ICFA violation. *See Swift v. First USA Bank*, No. 98 C 8238, 1999 WL 350847, at *6 (N.D. Ill. May 21, 1999) (finding the argument that a TILA violation automatically gives rise to IFCA violations as "unsupported in both logic and law"). Additionally, while Plaintiff contends that a TILA violation would support a fraud and misrepresentation claim under the ICFA (ECF #16 at 5), in reality, a claimed violation of the ICFA carries a heightened pleading requirement. *Id.* Plaintiff makes no attempt in the Complaint to plead with specificity how he was confused or mislead and what damages he allegedly suffered. Plaintiff's IFCA claim fails on this ground as well. *Id.*

5

**CONCLUSION**

In its 2010 Final Rule, the Board expressly exempted open-end credit accounts from the repayment disclosure requirements set forth in 15 U.S.C. § 1637(b)(11). The 2010 Final Rule remains effective and applicable, and Defendants are entitled to rely on the 2010 Final Rule under 15 U.S.C. § 1640(f). Plaintiff's argument that this express exemption is not set forth in a regulation is legally irrelevant.

For the reasons stated above, Defendants respectfully request that this Court dismiss Plaintiff's claims with prejudice and enter judgment in Defendants' favor, and for any other available relief.

Respectfully Submitted,

/s/ Andrew J. Scavotto
Andrew J. Scavotto, Ill. Bar #6288575
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Tel:   (314) 719-3048
Fax:   (314) 259-3959
Andrew.scavotto@stinson.com

George F. Verschelden
Michelle A. Fox
**STINSON LLP**
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
George.verschelden@stinson.com
Michelle.fox@stinson.com

ATTORNEYS FOR DEFENDANTS BANK OF ORRICK AND KENDALL BANK

CORE/3522882.0026/182043469.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was served via United States mail, postage prepaid, this 15th day of May, 2023 to:

Daniel A. Edelman
Tara L. Goodwin
Matthew J. Goldstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603

/s/ Andrew J. Scavotto
Attorney for Defendants