IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LOPEZ,<br>on behalf of Plaintiff and<br>the class described herein,<br><br>        Plaintiff,<br><br>        v.<br><br>BANK OF ORRICK<br>and KENDALL BANK,<br><br>        Defendants. | Case No. 1:23-cv-02063<br>Judge Chang |

## PLAINTIFF'S RESPONSE TO CFPB AMICUS BRIEF

Plaintiff respectfully submits this response to the amicus brief submitted by the Consumer Financial Protection Bureau.

The statutory requirement for exempting transactions from any requirement under the Truth in Lending Act is set forth in 15 U.S.C. §§1604(a) and (f):

    (a)    Promulgation, contents, etc., of regulations

        The Bureau shall prescribe regulations to carry out the purposes of this subchapter. Except with respect to the provisions of section 1639 of this title that apply to a mortgage referred to in section 1602(aa) of this title, such ***regulations*** may contain such additional requirements, classifications, differentiations, or other provisions, and ***may provide for such adjustments and exceptions for all or any class of transactions***, as in the judgment of the Bureau are necessary or proper to effectuate the purposes of this subchapter, to prevent circumvention or evasion thereof, or to facilitate compliance therewith. . . .

    (f)    Exemption authority

        (1)    In general

        The Bureau may ***exempt, by regulation***, from all or part of this subchapter all or any class of transactions, other than transactions involving any mortgage described in section 1602(aa) of this title, for which, in the determination of the Bureau, coverage under all or part of this subchapter does not provide a meaningful benefit to consumers in the form of useful information or protection. (Emphasis added)

The agency specified was the Federal Reserve Board prior to the 2010 Dodd-Frank Act and the CFPB afterward.

1

Neither the CFPB nor Defendants have identified a "regulation" which states that non-credit card open end credit plans are exempt from the repayment disclosure requirements of 15 U.S.C. §1637(b)(11). No such regulation exists.

The CFPB refers to the fact that the Federal Reserve Board:

1. Issued a regulation which is not as broad as the statutory requirement, but which does not on its face state that anything is being exempted. This is described as "reflected in Regulation Z." (Doc. 31, p. 6 of 8 PageID 455)

2. Stated in the explanation placed in the Federal Register that it meant to exempt non-credit card open end credit plans from the repayment disclosure requirements. (*Id.*)

The statutory requirement is to "exempt by regulation" or issue "regulations . . . that "provide for such adjustments and exceptions . . . ." Neither issuing a regulation that is not as broad as the statute nor placing a statement in the Federal Register that is not a regulation satisfies the statutory requirement of a "regulation."

In *Loper Bright Enters. v. Raimondo*, Nos. 22-451, 22-1219, 2024 U.S. LEXIS 2882 (U.S.Sup.Ct., June 28, 2024), overruling *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 104 S. Ct. 2778 (1984), the Supreme Court held that "by directing courts to interpret constitutional and statutory provisions without differentiating between the two, Section 706 [of the Administrative Procedure Act] makes clear that agency interpretations of statutes — like agency interpretations of the Constitution — are not entitled to deference. Under the APA, it thus remains the responsibility of the court to decide whether the law means what the agency says." (2024 U.S. LEXIS 2882, at *34) Whether the acts and statements referenced by Defendants and the CFPB constitute a "regulation" is for the Court to decide, without deference to any agency.

A "regulation" simply does not include (a) omitting something from a regulation or (b) a statement in the Federal Register that is not a regulation. "The Statement of Basis and Purpose is not itself a rule," *Lozada v. Dale Baker Oldsmobile, Inc.*, 91 F. Supp. 2d 1087, 1094 (W.D. Mich. 2000), and a statute requiring a "regulation" creating an exemption cannot be satisfied by anything else.

2

Agency action which conflicts with statutory text is not entitled to deference. *Ambassador Animal Hosp., Ltd. v. Elanco Animal Health Inc.*, 74 F.4th 829, 832 (7th Cir. 2023).

Indeed, footnote 2 in the CFPB brief (Doc. 31, page 7 of 8, PageID456) indicates why the attempted narrowing of the statute through means less than a regulation is inappropriate. If a card, account number, access code, or the like can be presented to a merchant to pay for goods or services, the arrangement is a "credit card" and the creditor must inform the consumer how many months or years it will take to pay off the extension of credit. But if the credit arrangement can only be accessed by having funds transmitted by ACH or wire to the consumer's bank account, which account is then used by the consumer to pay for goods or services via debit card or ACH transfer, the consumer need not be told how long it will take to pay off the extension of credit.

There is no apparent reason why the technological means whereby credit is used by the consumer makes the disclosure appropriate in one case but not the other.

The CFPB notes that the Federal Reserve Board believed that repayment disclosures on non-credit card open end lines of credit were not needed because such arrangements were "not in wide use," were not used as "long-term credit options" and might burden financial institutions. (Doc. 31, page 4 of 8, PageID 453)

The notion that non-credit card open end lines of credit "were not in wide use" or not used as "long-term credit options" ignores the obvious effect of creating an exception – it is an open invitation to lenders to use it. And if the same financial institutions that offer non-credit card open end lines of credit also offer credit cards – as is the case with Defendants here – the incremental burden would appear to be zero or close to zero.

3

The obvious reason Congress required exemptions from the Truth in Lending Act to be conferred by regulation is that a formal regulation, placed in the Code of Federal Regulations, is more likely to draw the attention of the public or Congress, which has authority to review and disapprove regulations. Disinfecting sunlight serves a salutary purpose, needed here. There is no legal basis for depriving consumers of its benefit in this case.

Respectfully submitted,

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 6297473)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\39448\Pleading\Plaintiff's Response to amicus brief_Pleading.WPD

4

## CERTIFICATE OF SERVICE

  Daniel A. Edelman certifies that on July 9, 2024, this document was filed via ECF, causing a copy to be sent to all counsel of record.

            */s/ Daniel A. Edelman*
            Daniel A. Edelman