IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ, | ) | |
| On behalf of Plaintiff and the class | ) | |
| described herein, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-2063 |
| | ) | |
| BANK OF ORRICK | ) | |
| And KENDALL BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF TO
PLAINTIFF'S RESPONSE TO CFPB AMICUS BRIEF**

As requested by the Court (ECF #34), Defendants Bank of Orrick and Kendall Bank file this Reply Brief to Plaintiff's Response to CFPB Amicus Brief (ECF #33).

**I.      Regulation Z Exempts Repayment Disclosure Requirements for Open-End Credit Agreements.**

As explained in Defendants' motion to dismiss briefing (ECF #7, #17), and confirmed by the Amicus Brief (ECF #31), the repayment disclosure obligations in 15 U.S.C. § 1637(b)(11) only apply to credit card accounts under an open-end (not home-secured) consumer credit plan.

In February 2010, the Federal Reserve Board ("Board") issued a final rule amending Regulation Z.  75 Fed. Reg. 7658, 2010 WL 593303 (Feb. 22, 2010) (hereafter, the "Final Rule").  In the Final Rule, the Board expressly limited the disclosure requirements in Section 1637(b)(11) to credit card accounts under an open-end (not home-secured) consumer credit plan. *Id.* at 7677-78.  In so doing, the Board explicitly exempted the type of credit line at issue in this litigation. *Id.*  The amended Regulation Z limits repayment disclosures to "a credit card account under an open-end (not home-secured) consumer credit plan." 12 C.F.R. § 226.7(12).

1

Nevertheless, Plaintiff argues this exemption is unenforceable because it is not a Regulation, and the Truth in Lending Act ("TILA") only allows the CFPB to exempt transactions through regulations. ECF No. 33 at 2. Plaintiff's position is wrong as a matter of law. Indeed, Plaintiff overlooks that the Final Rule amended Regulation Z, and Regulation Z now limits repayment disclosures to credit card accounts. 12 C.F.R. § 226.7(12). Plaintiff does not have a credit card account with Defendants. As a result, Defendants were not required to provide any of the repayment disclosures set forth in 12 C.F.R. § 226.7(12).[1] *Cf. Hi-Tech Pharms., Inc. v. Crawford*, 544 F.3d 1187, 1190 (11th Cir. 2008) (ruling that final rules, issued after proper administrative process, "have the force and effect of law.").

## II. Defendants have a complete defense under 15 U.S.C. § 1640(f).

TILA provides a complete defense to those who act "in conformity with any rule, regulation, or interpretation thereof by the Board." 15 U.S.C. § 1640(f). It is undisputed that the Final Rule exempts lines of credit like Plaintiff's from repayment disclosures. As a result, Section 1640(f) shields Defendants from any liability here. *Cf. Hickey v. Great W. Mortg. Corp.*, No. 94 C 3638, 1995 WL 317095, at *3 (N.D. Ill. May 23, 1995) (ruling that changes in substantive law are not applied retroactively unless Congress expressly grants retroactive rulemaking authority and the agency intended the rule to apply retroactively).

## III. *Loper Bright* provides no support to Plaintiff.

In *Loper Bright Enters. v. Raimondo*, Nos. 22-451, 22-1219, -- S. Ct. --, 2024 WL 3208360 (June 27, 2024), the Supreme Court overruled the *Chevron* deference doctrine. The Supreme Court also recognized a statute may grant an agency authority to establish rules for a statutory scheme, or to regulate subjects. *Id.* at *13. Here, Section 1604(a) grants the CFPB authority to provide exceptions for any

---

[1] Plaintiff does not argue that the Final Rule has been reversed or superseded in any manner, nor does Plaintiff argue that his line of credit was a credit card account under an open-end (not home-secured) consumer credit plan.

2

class of transactions to effectuate the purpose of TILA. In doing so, a court is limited to ensuring the agency has engaged in "reasoned decision making" within the scope of the agency's authority. *Loper Bright*, 2024 WL 3208460, at *14.[2]

Plaintiff argues that *Loper Bright* precludes the Court from deferring to the CFPB's interpretation of "regulation." ECF #33 at 2. As set forth above, the Final Rule and the Amended Regulation Z expressly limit the repayment disclosures set forth in 15 U.S.C. § 1637(b)(11) to credit card accounts. No deference to the CFPB's interpretation of "regulation" is required.

Finally, Plaintiff complains the Final Rule is unlikely to draw the attention of the public or Congress because it is the Code of Federal Regulations. This concern is unfounded. The Final Rule was subject to a notice and comment period, and the CFPB has proposed to reduce the scope of the repayment disclosure exemption. ECF #31 at 4 n.1.

## CONCLUSION

In the Final Rule and amended Regulation Z, the Board expressly limited the repayment disclosure requirements set forth in 15 U.S.C. § 1637(b)(11) to credit card accounts. The Final Rule and the amended Regulation Z remain effective and applicable, and Defendants' reliance on them shields them from liability under 15 U.S.C. § 1640(f).

Defendants respectfully request that this Court dismiss Plaintiff's claims with prejudice and enter judgment in Defendants' favor, and for any other available relief.

---

[2] There is no contention the Board and/or CFPB failed to follow the procedures set forth in the Administrative Procedure Act, 5 U.S.C. §§ 551–559, to establish a final, legally binding rule or to amend a regulation.

Respectfully Submitted,

*/s/ Andrew J. Scavotto*
Andrew J. Scavotto, Ill. Bar #6288575
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Tel:   (314) 719-3048
Fax:   (314) 259-3959
Andrew.scavotto@stinson.com

George F. Verschelden
Michelle A. Fox
**STINSON LLP**
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
George.verschelden@stinson.com
Michelle.fox@stinson.com

ATTORNEYS FOR DEFENDANTS BANK OF ORRICK AND KENDALL BANK

CORE/3522882.0026/191250128.2

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the above and foregoing was served via United States mail, postage prepaid, this 19th day of July, 2024 to:

Daniel A. Edelman
Caileen Crecco
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603

Matthew J. Goldstein
WALLACE MILLER
150 N. Wacker Drive, Suite 1100
Chicago, IL 60603

Andrea J. Matthews
Seth Frotman
Steven Y. Bressler
Christopher J. Deal
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

*/s/ Andrew J. Scavotto*
Attorney for Defendants

CORE/3522882.0026/191250128.2